UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAOUD MEHRABI,<br><br>      Petitioner,<br><br> v.<br><br>PAMELA BONDI, ET AL,<br><br>      Respondents. | Case No. 2:25-cv-02227-DGE-TLF<br><br>ORDER SETTING BRIEFING SCHEDULE AND GIVING NOTICE OF RIGHT TO CONSENT |

Petitioner, by counsel, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 6.

1. The Court retains the discretion to determine when an answer or response to a § 2241 habeas petition is due. *See, e.g., Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Corpus Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added). The Court examines the allegations and circumstances of each case in determining the due date of a response.

2. As to the claims asserted here, the Court finds there is a basis for an expedited briefing schedule.

ORDER SETTING BRIEFING SCHEDULE AND GIVING
NOTICE OF RIGHT TO CONSENT - 1

Petitioner states he entered the United States on December 19, 2024, was detained by Immigration and Customers Enforcement ("ICE"), for one month and subsequently released on or about January 21, 2025. Dkt. 6 at 2. On February 5, 2025, petitioner alleges, he was again detained and remains in ICE custody at the Immigration Detention Center in Tacoma, Washington. *Id*. On April 16, 2025, an immigration judge issued a final deportation order. *Id*.

Petitioner argues his constitutional right to due process has been violated. *Id*. Petitioner asks the Court to order his immediate release from custody and to issue an order that respondents may not remove or seek to remove Petitioner to a third country (other than France) without reopening removal proceedings. *Id*. at 18.

Although there is some complexity of legal issues, the Court is concerned with the need for prompt determination of the appropriate due process analysis and habeas corpus process. The Court concludes that expedited briefing is merited.

4. Accordingly, the Court ORDERS: Respondents shall file a response to the habeas petition by **November 19, 2025**. Any reply petitioner wishes to file shall be due on **November 21, 2025**, and the Clerk shall note the matter for November 21, 2025, as ready for the Court's consideration.

5. The Clerk is directed to serve the habeas corpus petition, Dkt. 6, upon respondents and shall immediately email a copy of this order to usawaw.habeas@usdoj.gov.

6. The parties have a right to have the matter heard by a United States District Judge and may consent to the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636 (c)(2), Fed. R. Civ. P. 73(b). Consent is voluntary. *Washington v. Kijakazi,*

ORDER SETTING BRIEFING SCHEDULE AND GIVING
NOTICE OF RIGHT TO CONSENT - 2

72 F.4th 1029, 1036-1040 (9th Cir. 2023). The Magistrate Judge will have jurisdiction only if all parties consent. *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017).

Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than November 17, 2025,** by emailing Deputy Gayle Riekena at gayle_riekena@wawd.uscourts.gov.

If the parties unanimously consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If any party does not consent to the jurisdiction of the Magistrate Judge, the case will remain assigned to Chief District Judge David G. Estudillo. *See* Western District of Washington Local Civil Rule 73. *See also* General Order 5-25.

Dated this 12th day of November, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER SETTING BRIEFING SCHEDULE AND GIVING
NOTICE OF RIGHT TO CONSENT - 3